435 P.2d 430

STATE of New Mexico, Plaintiff-Appellee,

v.

Kenneth D. TIPTON, Defendant-Appellant

No. 8385.

Supreme Court of New Mexico.

Dec. 18, 1967.

Dan B. Buzzard, Clovis, for appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

SPIESS, Judge.

This is an appeal from an order denying post conviction relief under Rule 93 (21–1–1 (93) N.M.S.A.1953). On April 26, 1962, defendant was convicted in cause No. 5141, Curry County upon his plea of guilty to a charge of rape of an adult female.

At the time of accepting the plea defendant was represented by retained counsel. Thereafter defendant was charged by separate information in cause No. 5154, Curry County, with having been convicted of a prior felony and upon his admission was sentenced as an habitual offender in cause No. 5154. This judgment was affirmed in State v. Tipton, 73 N.M. 24, 385 P.2d 355 (1963).

The judgment and sentence was again reviewed by us in a Rule 93 proceeding which resulted in the vacating of the sentence and commitment in cause No. 5154, and the entry of a judgment by the trial court imposing sentence upon the defendant as an habitual criminal in cause No. 5141. State v. Tipton, 77 N.M. 1, 419 P.2d 216 (1966).

After the trial court had imposed sentence in cause No. 5141 the defendant filed his motion which is the subject of this appeal. Thereafter a hearing upon the motion was conducted by the court at which the defendant was represented by counsel, and as stated relief was denied.

It is contended that the trial court erred in denying defendant's motion for the reason that "there was substantial evidence to show that the plea of guilty in cause No. 5141 was involuntary."

It is fundamental that a plea must be voluntarily made. If not so made but induced by threats or promises it is void and subject to collateral attack. State v. Robbins, 77 N.M. 644, 427 P.2d 10 (1967). It is likewise well settled that a plea of guilty is binding if made voluntarily after proper advice of counsel and with full understanding of the consequences. State v. Robbins, supra; State v. Ortiz, 77 N.M. 751, 427 P.2d 264 (1967).

The defendant asserts that his plea of guilty was involuntary for the following reasons: (1) the arresting officer failed to have a warrant for defendant's arrest at the time he was taken into custody; (2) defendant was placed in a lineup for identification purposes before he had obtained an attorney to represent him; (3) a gun claimed to be material evidence was obtained through an unlawful search and seizure; (4) defendant was not served with the information; (5) defendant's attorney advised him that it would probably go easier with him to plead guilty; (6) defendant was not admonished by the court as to the consequences of his plea.

Defendant's first four "reasons" for his assertion that the plea was involuntary are not material to that issue and need no lengthy discussion in view of our disposition of the question of voluntariness of the guilty plea. They constitute claimed defects in the proceedings that are waived by a subsequent plea of guilty entered with the advice of counsel. Christie v. Ninth Judicial District, (Filed October 23, 1967), 78 N.M. 469, 432 P.2d 825. Nevertheless we note the following with respect to each of them.

As to (1), the assertion of arrest without a warrant, the trial court found probable cause for the arrest upon evidence which we consider substantial. The trial court's finding is sustained. See State v. Selgado, 76 N.M. 187, 413 P.2d 469 (1966).

(2) Defendant was placed in a lineup for identification purposes before he had obtained an attorney. This is not a violation of his constitutional rights. See State v. Hudman, 78 N.M. 370, 431 P.2d 748 (1967); State v. White, 77 N.M. 488, 424 P.2d 402 (1967). Appellant argues no direct connection between this "reason" and the voluntariness of his subsequent guilty plea, nor do we see any connection.

■ (3) Appellant claims a gun introduced into evidence by the state was obtained by an illegal search and seizure. The trial court found that defendant voluntarily took the officers to the place where the gun was located and handed it to them. We sustain the trial court's finding as being based on substantial evidence. Again, the plea constitutes a waiver. Compare State v. Elledge, 78 N.M. 157, 429 P.2d 355 (1967).

■ (4) Appellant alleges that he was not given a copy of the information. The record indicates that a copy of the information was furnished defendant's attorney and that it was read to defendant at the time of the plea. Even if there were a violation of some technical right, which has not been shown, a plea to the charge constitutes a waiver. Lattin v. Cox, 355 F.2d 397 (10th Cir.)

■ Defendant's last two "reasons" are pertinent to the voluntariness and validity of his guilty plea and will be discussed somewhat more fully. In (5) above, defendant asserts that he was induced to plead guilty, at least in part, by his counsel's purported advice "that it would probably go easier with him to plead guilty." This affords no basis for setting aside the plea. The defendant is simply asserting that he was guided by his attorney's advice. He now seems to regret his own decision. Such circumstances afford no basis for now holding the guilty plea to have been involuntary. See State v. Archie, (October 9, 1967), 78 N.M. 443, 432 P.2d 408.

■ Finally, as reason (6) that his guilty plea was involuntary, defendant complains that the trial court did not admonish him as to the consequences of his guilty plea before accepting it. It is not contended that defendant was unaware of the consequences of his guilty plea. He was represented by his retained counsel prior to and at the time of the entry of his plea of guilty. It is therefore presumed that defendant was fully informed of the possible consequences of his plea. Compare State

v. Robbins, supra; State v. Peters, 78 N.M. 224, 430 P.2d 382 (1967); State v. Archie, supra, and Gantar v. Cox, 74 N.M. 526, 395 P.2d 354 (1964). We have not overlooked State v. Brown, 33 N.M. 98, 263 P. 502 (1927); Putnam v. United States, 10 Cir., 337 F.2d 313; Lattin v. Cox, supra, which have been cited by defendant. In our opinion, however, they do not support his position.

In our opinion the trial court is not obligated to explain the effect of a guilty plea entered by a defendant represented by counsel. Commonwealth ex rel. Crosby v. Rundle, 415 Pa. 81, 202 A.2d 299 (1964); Certiorari denied, 379 U.S. 976, 85 S.Ct. 677, 13 L.Ed.2d 567.

For the reasons above stated we find no error in trial court's conclusion that the guilty plea was voluntarily entered and that defendant's attacks upon the plea afford no basis for post-conviction relief.

■ It is further asserted that the trial court erred in resentencing defendant in cause No. 5141 under § 41–16–1, N.M.S.A. 1953 (habitual criminal act) because the statute had been repealed at the time the sentence was imposed. We do not agree.

Section 41–16–1, supra, now repealed, is as follows:

"Any person who, after having been convicted within this state, of a felony, or, who shall have been convicted under the laws of any other state, government, or country, of a crime which, if committed within this state, would be a felony, commits any felony, within this state, shall be punished upon conviction of such second offense as follows: If the subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then such person shall be sentenced to imprisonment for a term not less than half the longest term, nor more than twice the longest term prescribed upon a first conviction."

It is clear from the language of this statute that it operates to increase punishment for the new or latest offense committed, which, of course, would be the conviction in cause No. 5141.

Section 41–16–1, supra, was repealed by Chapter 303, Laws of 1963, designated as the "Criminal Code."

Section 40A–1–2, N.M.S.A.1953, provides:

"The Criminal Code has no application to crimes committed prior to its effective date. A crime is committed prior to the effective date of the Criminal Code if any of the essential elements of the crime occurred before that date.

Prosecutions for prior crimes shall be governed, prosecuted and punished under the laws existing at the time such crimes were committed."

We further consider the following section of the New Mexico Constitution to be applicable, Article IV, Section 33:

"No person shall be exempt from prosecution and punishment for any crime or offenses against any law of this state by reason of the subsequent repeal of such law."

In Lott v. Cox, 75 N.M. 102, 103, 401 P.2d 93, 94 (1965) we said:

"Habitual criminality, however, is a status rather than an offense, so that allegations of prior convictions do not constitute a charge of a distinct crime, but only relate to the punishment to be imposed in the last case in which the accused was convicted of a felony in this state."

Based upon the savings clause of the Criminal Code above quoted and the constitutional provision which we have likewise quoted it appears to us that the court correctly applied § 41–16–1, supra, when sentence was imposed upon defendant in cause No. 5141, Curry County.

Finding no error, the order of trial court is affirmed.

It is so ordered.

NOBLE and COMPTON, JJ., concur.