142 P.3d 915 (2006)
2006-NMCA-114
STATE of New Mexico, Plaintiff-Appellee,
v.
Martin LUCERO, Defendant-Appellant.
No. 24,891.
Court of Appeals of New Mexico.
May 25, 2006.
Certiorari Denied July 21, 2006.
Certiorari Granted August 22, 2006.
*916 Patricia A. Madrid, Attorney General, Arthur W. Pepin, Assistant Attorney General, Santa Fe, NM, for Appellee.
Robert E. Tangora, Robert E. Tangora, L.L.C., Santa Fe, NM, for Appellant.
Certiorari Denied, No. 29,853, July 21, 2006.
Certiorari Granted, No. 29,857, August 22, 2006.

OPINION
VIGIL, Judge.
{1} In this case we are called upon to determine whether a sentencing enhancement statute which was in effect when the crime was committed and charges filed but was repealed prior to Defendant's trial and sentence was applicable to Defendant's sentence. We conclude that it was not applicable and partially reverse.

BACKGROUND
{2} On the evening of October 22, 2002, Defendant and Ms. Hernandez were riding around Roswell in their car while high on methamphetamine. They stopped at a gas station so Ms. Hernandez could use the restroom and Defendant saw that Victim, who had just purchased gas, could not start her car. Defendant said he was a mechanic and offered to help start the car. When Defendant was unable to start the car, he offered Victim a ride home, and Victim accepted. Victim sat in the front passenger seat, Ms. Hernandez drove, and Defendant sat in the backseat. When they arrived at Victim's home, Victim got out of the car and thanked Ms. Hernandez and Defendant. As she was walking away from the car, Defendant came from behind her, grabbed her purse, and pushed her down to the ground, lacerating her hand and injuring her face. Defendant said, "thank you very much," got back into the car, and left. Defendant subsequently threw Victim's purse into the Hondo River after taking out the cash and credit cards. Victim was 77 years old.
{3} On December 9, 2002, a criminal information was filed in the district court charging Defendant with committing larceny over $250, robbery, and tampering with evidence. NMSA 1978, § 30-16-1 (1987); NMSA 1978, § 30-16-2 (1973); NMSA 1978, § 30-22-5 (2003). The criminal information also alleged that because Victim was over sixty years old, Defendant was subject to an enhanced sentence under the old age enhancement statute. NMSA 1978, § 31-18-16.1 (1993) (providing in pertinent part that upon a separate finding of fact by the jury which shows that in the commission of a non-capital felony a person sixty years of age or older was intentionally injured, the basic sentence shall be increased by one year). However, before Defendant's trial, the legislature repealed the old age enhancement statute, replacing it with another sentencing enhancement statute. The legislature repealed Section 31-18-16.1, effective July 1, 2003, and it made the Hate Crimes Act, NMSA 1978, Sections 31-18B-1 to -5 (2003), simultaneously effective on the same day. 2003 N.M. Laws ch. 384, § 6.
{4} Trial was subsequently held on February 11, 2004, and the jury found Defendant guilty of all the charges. The jury also unanimously determined beyond a reasonable doubt that the robbery was committed against a person sixty years of age or older who was intentionally injured. The State then filed a supplemental criminal information alleging that Defendant is a habitual criminal offender and Defendant admitted to being a habitual offender with two prior felony convictions. Defendant's sentence was therefore subject to being increased by four years on each count. NMSA 1978, § 31-18-17(B) (2003) (providing that for two prior felony convictions, the basic sentence shall be increased by four years, which shall not be suspended or deferred).
{5} Defendant was sentenced on March 1, 2004. The trial court first merged the larceny conviction into the robbery conviction, and determined that robbery is a serious violent offense. NMSA 1978, § 33-2-34(A)(1) (2004) (providing that a prisoner who committed a serious violent offense can earn no more than four days of meritorious deductions per month of time served); § 33-2-34(L)(4)(n) (describing robbery as a serious violent offense). The trial court then imposed the following sentence on the robbery conviction: a basic sentence of three years imprisonment, enhanced by one year because the crime was committed against a person sixty years of age or older, which was further enhanced by four years under the habitual *917 offender statute, for a total of eight years. On the conviction for tampering with evidence, the trial court imposed a basic sentence of eighteen months imprisonment, enhanced under the habitual offender statute by four years, for a total of five and one-half years. The trial court further ordered that the sentences be served consecutively, for a total of thirteen and one-half years. Defendant appeals.

ANALYSIS
{6} The legislature did not expressly state which sentencing enhancement statute applies: the statute that was in effect when the charges were filed or the statute that was in effect when the sentence was actually imposed. We are therefore required to determine what the legislature intended when, effective July 1, 2003, it simultaneously repealed the old age enhancement statute, Section 31-18-16.1, and made the Hate Crimes Act effective. The interpretation of legislative intent presents a question of law that is subject to our de novo review. See State v. Shay, 2004-NMCA-077, ¶ 7, 136 N.M. 8, 94 P.3d 8 (noting that the main goal of statutory construction is to give effect to the intent of the legislature and interpreting a statute is a question of law subject to de novo review on appeal).
{7} We first address the State's argument that the issue was not preserved for our review under State v. Wilson, 2001-NMCA-032, ¶ 30, 130 N.M. 319, 24 P.3d 351, because Defendant did not object to the old age enhancement of his sentence in the trial court. In Wilson, the defendant was convicted of child abuse resulting in death, which carried a basic sentence of eighteen years and was increased by one-third upon the finding of aggravating circumstances. Id. ¶ 10; NMSA 1978, § 31-18-15.1 (1993) (stating that after holding a sentencing hearing to determine whether aggravating or mitigating circumstances warrant a departure from the basic sentence, the trial court "may" alter the basic sentence by increasing it or reducing it up to one-third). The trial court considered seven aggravating factors and applied a discretionary enhancement to the defendant's sentence. Wilson, 2001-NMCA-032, ¶ 10, 130 N.M. 319, 24 P.3d 351. The defendant argued on appeal that the trial court abused its discretion in its consideration of two of the aggravating factors. Id. ¶ 30. Under the circumstances, we held that the defendant was obligated to bring her objection to the attention of the trial court so it could explain its reasoning behind each factor it considered and the weight afforded to each. Id. ¶ 32.
{8} The issue in this case is not whether the trial court abused its discretion in enhancing Defendant's sentence under the old age enhancement statute, but whether the enhanced sentence was authorized. This is a jurisdictional issue which may be raised for the first time on appeal. Shay, 2004-NMCA-077, ¶ 6, 136 N.M. 8, 94 P.3d 8 (stating that a defendant may challenge an illegal sentence for the first time on appeal because the trial court does not have jurisdiction to impose an illegal sentence); Wilson, 2001-NMCA-032, ¶ 31, 130 N.M. 319, 24 P.3d 351 (stating that the issue of whether a sentence was authorized by statute is jurisdictional and may be raised for the first time on appeal). We therefore reject the State's argument and address the merits.
{9} The legislature first addressed enhancing the sentence for crimes committed against a person sixty years of age or older in 1980. 1980 N.M. Laws ch. 36, § 1, enacted Section 31-18-16.1, which directed that the basic sentence of imprisonment prescribed for an offense "shall be increased" when a person sixty years of age or older was intentionally injured in the commission of non-capital felony. The mandated increase was one year if the injury inflicted was not likely to cause death or great bodily harm and two years if the injury inflicted caused great bodily harm, was done with a deadly weapon, or was done in a manner whereby great bodily harm or death could be inflicted. The enhancement could not be suspended or deferred, and the statute required that the enhancement be the first year or years served. 1980 N.M. Laws ch. 36, § 1. In 1989, Section 31-18-16.1 was amended to add handicapped persons as victims to which the enhanced sentence would apply. 1989 N.M. Laws ch. 348, § 1. The enhancement was still mandatory but the amendment deleted *918 the requirements that the enhancement could not be suspended or deferred and that the enhancement be the first year or years served. Id.; see State v. Chavez, 115 N.M. 248, 249, 849 P.2d 1071, 1072 (Ct.App.1992) (noting these changes to the statute). In 1993, Section 31-18-16.1 was again amended. While the enhanced sentence for adults remained mandatory, the amendment provided that when the offender is a serious youthful offender or a youthful offender, the enhancement was permissible but not mandatory. 1993 N.M. Laws ch. 77, § 8.
{10} In 2003, the legislature again revisited the issue by enacting the Hate Crimes Act.2003 N.M. Laws ch. 384, § 1, (codified at Sections 31-18B-1 to -5). While this legislation no longer mandates that an enhanced sentence is required, it greatly expands the classes of victims which will justify an enhanced sentence. Generally, it provides that when a crime is committed against a victim because of the actual or perceived race, religion, color, national origin, ancestry, age, handicapped status, gender, sexual orientation, or gender identity of the victim, then the basic sentence prescribed for the offense in Section 31-18-15 "may" be increased by one year (or two years if the defendant previously committed an offense for these reasons). Section 31-18B-3. The Hate Crimes Act establishes its own effective date of July 1, 2003, and it simultaneously repeals the old age enhancement statute, Section 31-18-16.1.2003 N.M. Laws ch. 384, §§ 6-7.
{11} This legislative history reflects a legislative determination to make two fundamental changes. First, the legislature determined that the class of victims which warrant an increase in punishment should be expanded. The class was originally limited to victims sixty years of age or older, then expanded to include handicapped persons. Ultimately, the class was expanded to crimes committed against victims because of their actual or perceived race, religion, color, national origin, ancestry, age, handicapped status, gender, sexual orientation, or gender identity. Second, the legislature shifted away from a policy of a mandatory sentence enhancement and a prohibition against suspending or deferring the enhanced portion of the sentence to granting the sentencing court discretion whether to impose the enhanced sentence and whether to suspend or defer the enhanced sentence.
{12} The legislative determination to shift from a mandatory to discretionary enhancement reflects a legislative intent to reduce punishment. It is an established principle under our sentencing jurisprudence that a basic sentence and any applicable enhancement constitutes a single sentence for that one crime. State v. Bachicha, 111 N.M. 601, 606, 808 P.2d 51, 56 (Ct.App.1991) (determining that each felony conviction was to be enhanced by one year due to a prior felony conviction and that each basic sentence and its enhancement was a single sentence); State v. Mayberry, 97 N.M. 760, 763, 643 P.2d 629, 632 (Ct.App.1982) (determining that a defendant's punishment for committing aggravated assault, enhanced by one year for using a firearm in committing the offense, enhanced by another year due to a prior felony conviction, constituted the computation of a single sentence for one crime). Thus, the computation of Defendant's sentence for robbery with the old age enhancement prior to the 2003 amendments results in a mandatory four-year sentence consisting of the basic three-year sentence and the mandatory one-year enhancement. Under the 2003 amendments, a one-year enhancement may be added to the basic sentence of three years, but it is not required. 2003 N.M. Laws ch. 384, § 3. The sentence mandated for committing the same crime against a victim sixty years of age or older was therefore effectively reduced by the 2003 amendments.
{13} The legislature has given guidance to us to determine which sentencing enhancements version it intends to be applicable here. NMSA 1978, Section 12-2A-16(C) (1997) directs: "If a criminal penalty for a violation of a statute or rule is reduced by an amendment, the penalty, if not already imposed, must be imposed under the statute or rule as amended." We construe this general statute to express what sentence the legislature intends to be applicable when the prescribed punishment for the crime is reduced before sentence is imposed. Under the circumstances, *919 we therefore conclude that the legislative intent was for the Hate Crimes Act to apply to Defendant's sentence, since the punishment for committing a crime against a victim sixty years of age or older was effectively reduced by its enactment. This conclusion is further buttressed by NMSA 1978, Section 30-1-11 (1963), which directs that a criminal sentence is permitted only after a conviction: "No person indicted or charged by information or complaint of any crime shall be sentenced therefor, unless he has been legally convicted of the crime in a court having competent jurisdiction of the cause and of the person." A conviction is separate and apart from the imposition of a sentence. See Padilla v. State, 90 N.M. 664, 666, 568 P.2d 190, 192 (1977) (reaffirming that a "conviction" refers to a finding of guilt and does not include the imposition of a sentence). It therefore is logical for the legislature to have determined that a court is to impose the punishment that is applicable at the time sentence is actually imposed because guilt has already been determined and the imposition of sentence constitutes a separate component of the criminal adjudication process. See State v. Garcia, 99 N.M. 466, 471, 659 P.2d 918, 923 (Ct.App.1983) (noting that there are two separate aspects of a criminal case: an adjudication of guilt and imposition of a sentence); State v. Morton, 107 N.M. 478, 481, 760 P.2d 170, 173 (Ct.App. 1988) (stating that aggravating circumstances are matters affecting only the degree of punishment if the defendant is convicted). Consistent with this reasoning, we have previously determined that while a defendant is entitled to notice that the State will seek an enhanced penalty, it is sufficient if notice is given prior to the actual hearing at which it seeks imposition of the enhanced penalty, and notice prior to the trial is not necessary. State v. Smith, 110 N.M. 534, 536, 797 P.2d 984, 986 (Ct.App.1990) (concluding that the State could give notice it was seeking an old age enhancement after the defendant's guilty plea as long as it was given sometime before the sentencing hearing).
{14} This case and Shay share several similarities. In Shay the legislature enacted an amendment to the habitual offender statute with an effective date of July 1, 2002. 2004-NMCA-077, ¶ 1, 136 N.M. 8, 4 P.3d 8. Prior to the amendment, enhancement of a defendant's sentence based on prior felony convictions was mandatory, regardless of the date of the prior convictions. Id. After July 1, 2002, some discretion in imposing an enhanced sentence was allowed where there was only one prior felony, and convictions more than ten-years-old could not be used to enhance sentences. Id. The indictments in Shay were filed prior to the effective date of the amendment but sentencing occurred after the effective date of the amendment. Each defendant received an enhanced sentence based in part on a conviction more than ten-years-old. Id. ¶¶ 3-4. The issue on appeal was whether the legislature intended the amendment to apply to the cases when the sentence was imposed for the underlying crimes after the effective date of the amendment. We held that the legislature intended the amended sentencing statute to apply when sentence was imposed after the effective date of the amendment. Id. ¶ 1. The legislative history disclosed a legislative intent to depart from the pre-existing sentencing scheme, and reduce the punishments required by the habitual offender statute. Id. ¶ 7. Using Section 12-2A-16(C) as a guide to the legislative intent, we discerned a legislative intent for the amended, reduced enhancements to apply when sentence was imposed on or after July 1, 2002, even if the underlying crime was committed before July 1, 2002. Id. ¶¶ 8-9. We see no reason for departing from that reasoning in this case.
{15} The State's remaining arguments are that applying the amended statute to Defendant's case will violate both NMSA 1978, Section 30-1-2 (1963), as construed in State v. Tipton, 78 N.M. 600, 435 P.2d 430 (1967) (Tipton III) and Article IV, Section 34 of the New Mexico Constitution. Finally, the State argues, even if the amended enhancement statute is applicable, Defendant's sentence was properly enhanced by one year under the Hate Crimes Act. We rejected the first two arguments in Shay, 2004-NMCA-077, ¶¶ 10-17, 20, 136 N.M. 8, 94 P.3d 8, and we reject them in this case. We reject the State's last argument because the requisite *920 findings were not made by the jury as required by the Hate Crimes Act. § 31-18B-3.
{16} In general, Section 30-1-2 provides that prosecutions for crimes committed prior to the 1963 effective date of the Criminal Code shall be "governed, prosecuted, and punished" under the laws existing at the time such crime was committed. Tipton, involved three appeals. The defendant was sentenced as a habitual offender under a statute which was then in effect. See State v. Tipton, 73 N.M. 24, 25, 385 P.2d 355, 355 (1963) (Tipton I) (affirming the defendant's enhanced sentence). The defendant then appealed an order denying his collateral attack on the judgment and sentence. See State v. Tipton, 77 N.M. 1, 419 P.2d 216 (1966) (Tipton II). While the judgment and sentence were affirmed on the merits, it was noted that the sentence was filed under the wrong case number, and the case was remanded with instructions to enter the enhanced sentence in the correct case number. Id. at 4, 419 P.2d at 218. In the interim, the habitual offender statute under which the defendant was originally sentenced was repealed by adoption of the 1963 Criminal Code. See Tipton III, 78 N.M. at 603, 435 P.2d at 433. In the third appeal, the defendant contended the enhanced sentence was improperly entered because the statute under which the enhanced sentence was originally imposed had been repealed. Id. at 602, 435 P.2d at 432. The Supreme Court rejected the defendant's argument, and relied on the 1953 codification of Section 30-1-2 to conclude that the repealed law applied to the defendant's sentencing in the original case. Id. at 603, 435 P.2d at 433.
{17} The difference between this case and Tipton is significant. In Tipton the defendant received a sentence under a statute that was in effect at the time he was actually sentenced, albeit under the wrong case number. Here, no sentence was imposed prior to the effective date of the amended sentencing statute. This same factual distinction was found to exist in Shay, and we concluded that Tipton was not applicable. Shay, 2004-NMCA-077, ¶ 15, 136 N.M. 8, 94 P.3d 8. We are given no reasons for departing from the Shay reasoning in this case. Since Defendant was not actually sentenced until after the old age enhancement statute was repealed, Tipton does not require that Defendant be sentenced under its provisions.
{18} Article IV, Section 34 of the New Mexico Constitution does not require Defendant's sentence to be imposed in accordance with the repealed old age enhancement statute. This provision of our constitution provides: "No act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case." The right or remedy to have a sentence imposed does not exist until a defendant is convicted of a crime as provided in Section 30-1-11. Stated another way, the State's right or remedy to have a defendant sentenced is entirely contingent upon a conviction. Moreover, since sentencing constitutes a separate component of the criminal adjudication process as we have already noted above in paragraph 13, there was no "pending case" insofar as sentencing is concerned when Defendant was sentenced. See Shay, 2004-NMCA-077, ¶ 20, 136 N.M. 8, 94 P.3d 8 (concluding that the sentencing hearing under the habitual offender statute was not "pending" under Article IV, Section 34, until after the defendant was convicted). We therefore conclude that Article IV, Section 34 of the New Mexico Constitution did not require Defendant to be sentenced in accordance with the old age enhancement statute.
{19} Finally, the State argues that even if the old age enhancement statute is inapplicable, the Hate Crimes Act requires Defendant's sentence on the robbery conviction be enhanced by one year. We disagree because the requisite findings to impose an enhanced sentence under the Hate Crimes Act were not made. Before an enhanced sentence may be imposed under the Hate Crimes Act, the jury (or court in a non-jury case) must find beyond a reasonable doubt that "the offender was motivated by hate." Section 31-18B-3(C). "Motivated by hate" is defined by the statute to mean "the commission of a crime with the intent to commit the crime because of the actual or perceived race, religion, color, national origin, ancestry, age, handicapped status, gender, sexual orientation or gender identity of the victim, whether *921 or not the offender's belief or perception was correct." Section 31-18B-2(D) (emphasis added). For age to qualify, the victim must be "sixty years of age or older." Section 31-18B-2(A). In this case, the jury determined beyond a reasonable doubt "that robbery was committed against a person sixty years of age or older, and that person was intentionally injured," it did not determine beyond a reasonable doubt, that Defendant committed robbery against Victim because he was "motivated by hate" as defined in the statute. Specifically, the jury did not determine beyond a reasonable doubt that Defendant committed robbery against Victim "because" of her actual or perceived age. The factual predicate for imposing an enhanced sentence is missing so that the enhanced sentence under the Hate Crimes Act is not permissible.

CONCLUSION
{20} We have considered the law in existence at the time the old age enhancement statute was repealed and the Hate Crimes Act was adopted, the relationship of these two statutes to each other, their respective legislative histories, and their relationship to each other. See Chavez, 115 N.M. at 249, 849 P.2d at 1072 (considering these types of factors in construing legislative intent). Having done so, we conclude that the old age enhancement statute was improperly applied to Defendant's sentence. We therefore reverse and remand with instructions to resentence Defendant, omitting the old age enhancement on the robbery conviction. We have considered and rejected Defendant's remaining arguments in a separate memorandum opinion, and in all other respects, the judgment and sentence is affirmed.
{21} IT IS SO ORDERED.
WE CONCUR: MICHAEL D. BUSTAMANTE, Chief Judge, and A. JOSEPH ALARID, Judge.