2007-NMSC-041

163 P.3d 489

**STATE of New Mexico, Plaintiff–Petitioner,**

v.

**Martin LUCERO, Defendant–Respondent.**

**No. 29,857.**

Supreme Court of New Mexico.

June 27, 2007.

Gary K. King, Attorney General Margaret McLean, Assistant Attorney General Santa Fe, NM, for Petitioner.

Robert E. Tangora, L.L.C., Robert E. Tangora, Santa Fe, NM, for Respondent.

## OPINION

SERNA, Justice.

{1} Martin Lucero (Defendant) was charged with robbery against a person sixty years of age or older, larceny, and tampering with evidence. At the time of the trial, Aileen Yule (Victim) was seventy-seven years old. An October 24, 2002, criminal complaint alleged that Defendant had committed a crime against the elderly, contrary to NMSA 1978, Section 31–18–16.1 (1993, repealed 2003). The jury found Defendant guilty of the charges, including the facts required for the Section 31–18–16.1 sentencing enhancement, on February 11, 2004. Prior to Defendant's sentencing, the Legislature simultaneously repealed Section 31–18–16.1 and adopted the Hate Crimes Act, effective on July 1, 2003. *See* 2003 N.M. Laws, ch. 384, §§ 1–7. The trial court sentenced Defendant on March 4, 2004. Defendant appealed to the Court of Appeals and, for the first time, alleged his sentence was illegally enhanced

because Section 31–18–16.1 had been repealed prior to trial and sentencing. *State v. Lucero*, 2006–NMCA–114, ¶¶ 1, 3, 5–8, 140 N.M. 327, 142 P.3d 915. The Court of Appeals held that the sentencing enhancement statute was wrongly applied to Defendant and reversed and remanded to the district court for resentencing. *Id.* ¶ 20. The State appeals to this Court and asks us to reverse the Court of Appeals. We hold that Section 31–18–16.1 applies to Defendant because his case was pending at the time the statute was repealed and, consequently, reverse the Court of Appeals.

## I. FACTS

{2} On October 22, 2002, Victim could not start her car while at a gas station in Roswell. Two gas station employees tried to help her. While the employees checked Victim's car, a man approached from a yellow automobile, claimed to be a mechanic, and offered to check Victim's car as well. Unable to have the problem fixed, Victim decided to leave her car at the station overnight until a garage could pick it up the next morning. The man offered to give Victim a ride home, and she accepted and rode in the front passenger seat, while the man rode in the back. Defendant's girlfriend, Alicia Hernandez, admitted to being the driver. After reaching Victim's home, Victim exited the car and was surprised by a person who came up behind her, grabbed her purse, and knocked her down. The assailant then jumped in the car, and the car left the scene. Victim scratched her face and cut her hand as a result of being pushed down. She was over sixty years old at the time of the attack and testified to these events at trial.

{3} While Victim was not able to identify the man, Oscar Silva, one of the gas station employees, testified that Defendant was the individual who claimed to be a mechanic and checked Victim's car. Hernandez, the driver, testified that Defendant and Victim exited the car at the same time, that she heard Victim scream, and that Defendant reentered the car with Victim's purse. Defendant, however, took the stand and alleged that the actual perpetrator was Thomas Leyba, who had also been in the car's backseat. No one

else testified to seeing Leyba in the car on the night of the attack.

{4} During a break at trial, the prosecutor informed the district court that Section 31–18–16.1, the crimes against the elderly sentencing enhancement statute, had been repealed and replaced by the Hate Crimes Act, NMSA 1978, §§ 31–18B–1 to –5 (2003). The prosecutor asserted that the crimes against the elderly enhancement statute applied to Defendant's case because it was law in force at the time the crime was committed. No other comments regarding the applicability of this sentencing enhancement were made at trial.

{5} The trial court instructed the jury on robbery, larceny, and tampering with the evidence, as well as the elements of the enhancement statute. *See* § 31–18–16.1(A)(1) ("When a separate finding of fact by the court or jury shows that in the commission of a noncapital felony a person sixty years of age or older . . . was intentionally injured, the basic sentence . . . shall be increased . . . by one year. . . ."). The jury found Defendant guilty of all counts, as well as "that [the] robbery was committed against a person sixty years of age or older, and that person was intentionally injured," as required by Section 31–18–16.1. On March 4, 2004, the court sentenced Defendant to three years in the custody of the Corrections Department. Defendant's sentence was enhanced by one year pursuant to Section 31–18–16.1, and by four years under the habitual offender statutes, NMSA 1978, §§ 31–18–17 to –20 (1977, as amended through 2003), for a total of eight years as to the robbery conviction.

{6} Defendant appealed to the Court of Appeals and argued for the first time that the trial court committed jurisdictional error by imposing the sentencing enhancement after the Legislature had repealed Section 31–18–16.1. *See Lucero,* 2006–NMCA–114, ¶ 8. The Court of Appeals agreed with Defendant and reversed the district court on this issue. *Id.* ¶ 20. The Court of Appeals analyzed the legislative histories of both Section 31–18–16.1, a mandatory enhancement, and Section 31–18B–3, a discretionary enhancement, *Lucero,* 2006–NMCA–114, ¶¶ 9–11, and con-

cluded that this reflected a legislative intent to reduce punishment, *id.* ¶ 12. The Court also considered NMSA 1978, Section 12–2A–16(C) (1997), which provides, "[i]f a criminal penalty for a violation of a statute or rule is reduced by an amendment, the penalty, if not already imposed, must be imposed under the statute or rule as amended." *See Lucero,* 2006–NMCA–114, ¶ 13. Applying Section 12–2A–16(C) to Defendant's case, the Court of Appeals concluded that the crimes against the elderly sentencing enhancement could not be imposed on Defendant because sentencing took place after Section 31–18–16.1 was repealed. *Lucero,* 2006–NMCA–114, ¶ 13. The Court also determined that the Hate Crimes Act did not apply to Defendant because the jury failed to find that hate motivated Defendant to commit robbery. *Id.* ¶ 19.

{7} The State filed a petition for writ of certiorari to this Court, asking us to review the application of Section 31–18–16.1 to Defendant's sentencing. The State avers that Section 31–18–16.1 applies because it was in effect on the date of the offense. We granted the petition on August 9, 2006, to address whether the sentencing enhancement applies to Defendant. Because Defendant's case was pending at the time the Legislature repealed Section 31–18–16.1, we reverse the Court of Appeals and remand the case to the district court for resentencing.

## II. STANDARD OF REVIEW

{8} This case requires us to interpret the application of the repealed crimes against the elderly sentencing enhancement statute, Section 31–18–16.1; the Hate Crimes Act, Section 31–18B–3; Section 12–2A–16(C); and article IV, section 34 of the New Mexico Constitution. We review issues of statutory and constitutional interpretation de novo. *See State ex rel. Judicial Standards Comm'n v. Espinosa,* 2003–NMSC–017, ¶ 5, 134 N.M. 59, 73 P.3d 197. Our goal is to give effect to the Legislature's intent, which is best achieved by following the plain reading of the statute. *State v. Rowell,* 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995). We must read statutes harmoniously instead of as contradicting one another when possible. *State v.*

*Smith,* 2004–NMSC–032, ¶ 10, 136 N.M. 372, 98 P.3d 1022.

### III. DEFENDANT CAN RAISE THE APPLICATION OF SECTION 31–18–16.1 FOR THE FIRST TIME ON APPEAL BECAUSE IT IS A JURISDICTIONAL ISSUE

■ {9} As a threshold matter, we must determine whether Defendant is permitted to challenge the application of Section 31–18–16.1 after failing to raise the issue at trial. The State urges this Court to hold that Defendant failed to preserve the issue as required by Rule 12–216 NMRA, and, therefore, is not entitled to relief. Defendant contends that if Section 31–18–16.1 did not apply to his sentencing, then he received an illegal sentence. Defendant asserts that an illegal sentence is a jurisdictional question which can be raised for the first time on appeal under Rule 12–216. We agree with Defendant.

{10} We find guidance in the Court of Appeals case of *State v. Shay,* 2004–NMCA–077, 136 N.M. 8, 94 P.3d 8. In *Shay,* two defendants argued that a legislative amendment to NMSA 1978, Section 31–18–17 (2002), prohibited the use of a conviction more than ten years old to enhance their sentences because the amendment became effective before their sentencings. *Shay,* 2004–NMCA–077, ¶ 1. The Court of Appeals agreed with the defendants and held that the amended version of Section 31–18–17 applied, forbidding a habitual offender enhancement based on a conviction more than ten years old. *Shay,* 2004–NMCA–077, ¶ 9. While one of the defendants failed to preserve the issue in writing, the Court of Appeals observed that defendants are allowed to challenge the legality of their sentences for the first time on appeal because trial courts have no jurisdiction to impose illegal sentences. *Id.* ¶ 6 (citing *State v. Bachicha,* 111 N.M. 601, 605–06, 808 P.2d 51, 55–56 (Ct.App.1991)).

{11} In the instant case, Defendant is challenging the application of Section 31–18–16.1, which was repealed before Defendant's trial. If Section 31–18–16.1 did not apply to Defendant, but the trial court still imposed the enhancement, the sentence would be illegal

and outside the court's jurisdiction. Because Rule 12–216 does not preclude appellate review of jurisdictional questions, we hold that Defendant did not waive this issue by failing to preserve it at trial and that it can be raised for the first time on appeal.

### IV. SECTION 31–18–16.1 APPLIES TO DEFENDANT BECAUSE HIS CASE WAS PENDING AT THE TIME THE STATUTE WAS REPEALED

■ {12} The State claims that Section 31–18–16.1 should apply to Defendant's sentencing because it was the law in effect at the time Defendant committed the crime. Defendant avers that he cannot be sentenced under the repealed sentencing enhancement statute because if a criminal penalty is reduced by amendment and not yet imposed, the reduced penalty must be imposed. *See* § 12–2A–16(C). We agree with the State because Defendant's case was pending at the time Section 31–18–16.1 was repealed.

{13} The State alerted Defendant that it sought the Section 31–18–16.1 sentencing enhancement in an October 24, 2002, criminal complaint, and restated this intention in a December 9, 2002, criminal information document. Section 31–18–16.1(A)(1) stated, "[w]hen a separate finding of fact by the court or jury shows that in the commission of a noncapital felony a person sixty years of age or older ... was intentionally injured, the basic sentence ... shall be increased ... by one year." In a jury trial, the trial court would submit this issue to the jury by special interrogatory, if the State made a prima facie case showing the victim was at least sixty years of age. *See* § 31–18–16.1(B). At the August 18, 2003, trial, the jury received the special interrogatory and found "beyond a reasonable doubt that robbery was committed against a person sixty years of age or older, and that person was intentionally injured as charged in count [one]." The court, therefore, followed the correct procedure under Section 31–18–16.1(B). We must now determine whether the Legislature's repeal of the sentencing enhancement statute, prior to Defendant's trial, precludes its application to Defendant.

{14} "We have held that the law, at the time of the commission of the offense, is controlling." *State v. Allen,* 82 N.M. 373, 374, 482 P.2d 237, 238 (1971) (citing *Williams v. State,* 81 N.M. 605, 606, 471 P.2d 175, 176 (1970)). Additionally, article IV, section 34 of the New Mexico Constitution provides "[n]o act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case." The intent of article IV, section 34 is to prevent legislative interference in ongoing cases " 'which have not been concluded, finished, or determined by a final judgment.' " *US West Commc'ns, Inc. v. Pub. Regulation Comm'n,* 1999–NMSC–024, ¶ 14, 127 N.M. 375, 981 P.2d 789 (quoting *Stockard v. Hamilton,* 25 N.M. 240, 245, 180 P. 294, 295 (1919)).

{15} The Court of Appeals relied on article IV, section 34 in *State v. Stanford,* 2004–NMCA–071, 136 N.M. 14, 94 P.3d 14, a case analogous to the instant case. In *Stanford,* the defendant urged the Court of Appeals to apply an amended version of the habitual offender statute, which prohibited a habitual offender sentencing enhancement based on a prior conviction ten or more years old at the time of the present conviction. *Id.* ¶ 2. The Legislature amended the habitual offender statute after the jury convicted the defendant, but before the trial court sentenced him. *Id.* ¶¶ 4, 7. The Court of Appeals held that the amended habitual offender statute did not apply to the defendant's case because the State filed the supplemental information seeking a habitual offender enhancement *before* the Legislature amended the statute. *Id.* ¶¶ 7, 10. As a result, the case was pending when the statute was amended, and article IV, section 34 barred application of the amendment. *Id.* Similar to the defendant in *Stanford,* in the instant case, Defendant's criminal information was pending when the Legislature repealed Section 31–18–16.1. Therefore, the district court correctly applied the Section 31–18–16.1 sentencing enhancement to Defendant.

{16} The Court of Appeals did not discuss *Stanford* in its opinion. Instead, they found the case very similar to *Shay* and relied heavily on it in holding that the Section 31– 18–16.1 sentencing enhancement did not apply to Defendant's case. *Lucero,* 2006–NMCA–114, ¶ 14. While both *Stanford* and *Shay* reviewed whether the amended habitual offender statute applied in the defendants' cases, *see Stanford,* 2004–NMCA–071, ¶¶ 3–4; *Shay,* 2004–NMCA–077, ¶ 1, the facts in the instant case more closely mirror *Stanford* than *Shay.* The Court in *Shay* concluded that the amended habitual offender statute should apply to the defendants because "no habitual proceeding was pending in either case until after the effective date of the 2002 amendment." 2004–NMCA–077, ¶ 20. In *Stanford,* the Court reached a different conclusion because the habitual offender proceeding was pending before the effective date of the amendment. 2004–NMCA–071, ¶ 7. We have held that Defendant's case was pending at the time the Legislature repealed Section 31–18–16.1, and thus *Stanford* is more persuasive.

{17} We also distinguish the type of sentencing enhancement at issue in this case from the habitual offender enhancement, Section 31–18–17, at issue in both *Stanford* and *Shay.* Section 31–18–17 requires that a person be convicted of a noncapital felony before the enhancement can apply. The crimes against the elderly sentencing enhancement, however, required the jury to make factual findings, beyond a reasonable doubt, as to the victim's age and the defendant's intent *at the time the offense was committed. See* § 31–18–16.1(A). In this way, Section 31–18–16.1 contained elements of a crime. As we have stated previously, Defendant's criminal information, which contained the charge of robbery against a person sixty years of age or older, was pending at the time the Legislature repealed Section 31–18–16.1, and consequently applies to Defendant under article IV, section 34 of the New Mexico Constitution. The district court did not err in applying the repealed Section 31–18–16.1 to Defendant's sentence, and accordingly, we reverse the Court of Appeals and remand for resentencing.

{18} Section 12–2A–16(C) does not require a different result. The Court of Appeals construed the language of Section 12–2A– 16(C), that "[i]f a criminal penalty for a viola-

tion of a statute or rule is reduced by an amendment, the penalty, if not already imposed, must be imposed under the statute or rule as amended," as indicative of a legislative intent that the Hate Crimes Act apply to Defendant's sentencing. *Lucero,* 2006–NMCA–114, ¶ 13. The Court distinguished a conviction from sentencing and opined that the trial court could not impose the Section 31–18–16.1 enhancement before conviction. *Lucero,* 2006–NMCA–114, ¶ 13. Nonetheless, as previously mentioned, Section 31–18–16.1 contains elements of a crime and Defendant's case was pending at the time the Legislature repealed the crimes against the elderly enhancement.

 {19} While we would ordinarily reinstate Defendant's conviction and sentence, we instruct the district court to resentence Defendant on the robbery conviction. Defendant's sentence was enhanced by one year pursuant to Section 31–18–16.1, and by four years under the habitual offender statutes, Sections 31–18–17 to –20. The court ran the three-year basic sentence and the enhancements consecutively for a total of eight years imprisonment as to the robbery conviction. Section 31–18–16.1(C), however, stated that "[a]ny alteration of the basic sentence of imprisonment pursuant to the provisions of this section shall be served concurrently with any other enhancement alteration of basic sentence pursuant to the provisions of the Criminal Sentencing Act [Chapter 31, Article 18 NMSA 1978]." As a result, Defendant's one-year enhancement under Section 31–18–16.1 should run concurrently with the four-year enhancement under the habitual offender statutes.

## V. CONCLUSION

{20} Effective July 1, 2003, the Legislature repealed Section 31–18–16.1, which mandated a one-year sentencing enhancement when a victim at least sixty years old was intentionally injured. While the Legislature acted before Defendant was sentenced, Defendant's case was pending because the State charged Defendant with a crime against the elderly in an October 24, 2002, criminal complaint. Pursuant to article IV, section 34 of the New Mexico Constitution, Section 31–18–

16.1 still applies to Defendant. Consequently, we reverse the Court of Appeals and remand to the district court for resentencing.

{21} **IT IS SO ORDERED.**

WE CONCUR: EDWARD L. CHÁVEZ, Chief Justice, PAMELA B. MINZNER, PETRA JIMENEZ MAES, and RICHARD C. BOSSON, Justices.