This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38691**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**GERMAINE SPEARS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Thomas F. Stewart, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William A O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**     Defendant appeals following a jury trial conviction for possession of drug paraphernalia. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}**     In his memorandum in opposition, Defendant continues to argue that this Court should reverse his conviction because (1) the district court failed to remedy a defect in the magistrate court preliminary hearing; (2) the district court erroneously refused to instruct the jury using Defendant's tendered definitional instruction of "drug

paraphernalia"; (3) the evidence was insufficient to support his conviction; and (4) he was improperly sentenced to a term of probation rather than a penalty assessment. [MIO 1] As to issues one and three, we are not persuaded by Defendant's reiterated factual presentation and argument. [MIO 2-3; 8-10] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{3}     Relevant to issue two, Defendant's memorandum in opposition has provided additional facts clarifying the language of Defendant's tendered jury instruction. [MIO 3-8] However, Defendant continues to argue that his tendered definitional instruction was necessary because he claimed "that he had only recently found the container[,]" which "if the jury accepted . . . as true, supported a finding that the container, so far as [Defendant] was concerned, was not drug paraphernalia at all." [MIO 7-8] We are not convinced by this argument.

{4}     As we explained in our notice of proposed disposition, the non-exhaustive statutory factors contained within his tendered definitional instruction, including Defendant's statements regarding his use of the container, are not individually determinative of an object's status as drug paraphernalia. [CN 6] This is particularly true under the facts of this case where the container was being used—whether by Defendant or the previous owner of the container—to hold heroin. [MIO 1, 7] Thus, Defendant's claim that he had just found the container did not put at issue whether or not the container itself met the definition of drug paraphernalia, but instead whether or not Defendant's intent was to use the container as drug paraphernalia. [CN 5-6] Intent was an essential element of the charge and this was reflected within the uniform jury instruction given in this case. [MIO 7; CN 5-6] As such, we are not persuaded that Defendant's tendered definitional instruction was of central importance to the case or necessary to adequately convey the law, including Defendant's theory of the case, to the jury. *See State v. Suazo*, 2017-NMSC-011, ¶ 27, 390 P.3d 674 ("When a uniform instruction is provided for the elements of a crime, the uniform instruction should be used without substantive modification unless alteration is adequately supported by binding precedent and where the alteration is necessary in order to accurately convey the law to the jury." (alterations, omissions, internal quotation marks, and citation omitted)). [CN 5-7; MIO 6-8]

{5}     Finally, as to issue four, Defendant's sentence, Defendant acknowledges that this Court proposed to affirm based on existing our Supreme Court precedent. *See State v. Lucero*, 2007-NMSC-041, ¶ 14, 142 N.M. 102, 163 P.3d 489. [MIO 11] Nevertheless, Defendant contends that *Lucero* was "wrongly decided." [MIO 11] Decisions from the our Supreme Court remain binding precedent to this Court until the

Supreme Court "see[s] fit to reconsider them" regardless of whether or not there is reason to "doubt[] their continuing vitality." *State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 21, 135 N.M. 375, 89 P.3d 47. As such, we may neither deviate from nor revisit the holding in *Lucero. See State ex rel. Martinez*, 2004-NMSC-009, ¶ 20.

**{6}** Defendant has not otherwise asserted any fact, law, or argument in his memorandum in opposition that persuades us that our notice of proposed disposition was erroneous. *See Mondragon*, 1988-NMCA-027, ¶ 10; *Hennessy*, 1998-NMCA-036, ¶ 24. Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

**{7}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA Judge**