718 P.2d 683

**George DICKENS and Dickens Bros., Inc., Plaintiffs-Appellees,**

**and**

**Wayne L. Peay and Marilyn L. Peay, Trustees of the Peay Living Trust, and the Peay Living Trust, Involuntary Parties Plaintiffs-Appellees,**

**v.**

**Harry HALL, d/b/a Harry Hall Insurance Agency, Defendant-Appellant,**

**v.**

**AMERICAN R.V. MART, INC., a New Mexico corporation, Defendant in Intervention-Appellant.**

No. 15591.

Supreme Court of New Mexico.

April 23, 1986.

Rehearing Denied May 14, 1986.

Thomas F. McKenna, Albuquerque, for defendant-appellant.

Sigmund L. Bloom, Threet & King, Martin E. Threet, Albuquerque, for plaintiffs-appellees Dickens.

Thomas S. Watrous, Albuquerque, for involuntary parties plaintiffs-appellees Peay.

## OPINION

RIORDAN, Chief Justice.

Plaintiffs, George Dickens and Dickens Bros., Inc., (Dickens) filed an ejectment action against defendant, Harry Hall, d/b/a Harry Hall Insurance Agency (Hall). American R. V. Mart, Inc. (American) filed a motion to intervene. Wayne L. Peay and Marilyn L. Peay, Trustees of the Peay Living Trust (Peay) became involuntary plaintiffs. American filed a first amended complaint in intervention alleging that a contract between Dickens and Peay for the sale of the property in dispute was void and contrary to public policy since it was in violation of New Mexico anti-trust laws. The district court ruled in favor of Dickens on his ejectment action, reserved jurisdiction over American's first amended complaint and ruled that a determination of the issues presented therein was unnecessary to its ruling regarding the ejectment action. Hall and American appeal. We affirm in part and reverse in part.

The issues on appeal are:

I. Whether a month-to-month tenant must be given thirty days notice to quit the premises before an action in ejectment can be maintained.

II. Whether the district court erred in ejecting American without a hearing on their first amended complaint, thereby denying American due process of law.

FACTS.

Dickens owned the property in question and entered into a valid written lease with a previous tenant for a five year term. Subsequently, the lessee became unable to fulfill the terms of his lease. To mitigate the damages to Dickens, it was arranged that Hall would occupy a portion of the premises. It was disputed whether Hall was assigned the previous lease or whether he was simply a month-to-month tenant under an informal oral lease. The trial court found that Hall was a month-to-month tenant. This finding is not challenged on appeal. Hall subsequently entered into a written contract with American purportedly transferring a portion of his rights in the property. The written contract was for a term of thirty-one months and was subject to the written approval of Dickens, which was never obtained.

For various reasons, Dickens notified Hall by letter dated March 8, 1984, that he was to vacate the premises. Hall never received this letter as it was misaddressed. However, on March 29, 1984, a subsequent letter requesting Hall to vacate the premises was sent to and received by Hall. Hall and American refused to vacate the premises and the instant action was filed on April 11, 1984. By judgment dated July 17, 1984, the court ruled that Dickens was entitled to possession of the premises.

### I. Sufficiency of notice to quit.

The district court found that Hall was a month-to-month tenant. Where there is a month-to-month tenancy, the common-law rule requires a month's notice to terminate it. *See* 50 Am.Jur.2d *Landlord and Tenant* § 1207 (1970).

On appeal Hall argues that he was wrongfully ejected because the notice to quit the premises (March 29, 1984 letter) was only received by him on or about April 2, 1984. Since Dickens' action in ejectment was filed on April 11, 1984, Hall contends that he was not given the requisite thirty days notice required under New Mexico law before an ejectment action may be commenced. Hall argues that because the action in ejectment was filed only ten days after he received notice to quit the premises, he was wrongfully ejected because a plaintiff in an ejectment action must have the legal right to possession before he has authority to commence the action. Therefore, the court lacked jurisdiction.

Dickens argues that despite the fact that his action in ejectment was filed prior to the thirty day time limit required, Hall was not actually evicted from the premises until well after the thirty days would have run under the March 29th notice. Dickens also argues that although the notice to quit is a necessary prerequisite to maintaining an action in ejectment, such notice becomes

effective at the time it is *served*. Therefore, Dickens argues that at the time the notice is sent to the tenant, it is effective and the ejectment action may be filed at that time. We disagree.

In *Kerr-McGee Corp. v. Bokum Corp.*, 453 F.2d 1067, 1072 (10th Cir.1972) the court, in interpreting our ejectment statutes [1] stated:

> A right to possession of the premises *at the time of filing the complaint* is essential to maintaining ejectment both at common law and, indeed, under the statutory law of New Mexico. (Emphasis added).

Subsequently, this court stated:

> The very foundation of the right to maintain an action of ejectment, both at common law and under the statutory law of New Mexico, is the plaintiff's right to the possession of the premises.

*Burke v. Permian Ford-Lincoln-Mercury*, 95 N.M. 314, 316, 621 P.2d 1119, 1121 (1981) (citing *Kerr-McGee; Osborne v. United States*, 3 N.M. 337, 5 P. 465 (1885)).

These cases make it clear that a plaintiff in ejectment must have a legal right to possession before he can commence his ejectment action. Further, NMSA 1978, Section 42–4–1 and Section 42–4–7 are clear and unambiguous. They state, respectively:

> The action of ejectment may be maintained in all cases where the plaintiff is legally entitled to the possession of the premises.

> It shall be sufficient to entitle the plaintiff to recover, to show that at the time of the commencement of the action the defendant was in possession of the premises claimed, and that the plaintiff had a right to the possession thereof.

Under these statutes, a plaintiff in ejectment must have the right to possession before he may commence the action. This was not done in the instant case. The March 29, 1984 letter was effective notice but the complaint in ejectment was filed on April 11, 1984. There was no valid thirty days notice and the complaint in ejectment was invalid. Dickens' action in ejectment was premature.

■ However, in *T.W.I.W., Inc. v. Rhudy*, 96 N.M. 354, 630 P.2d 753 (1981) this court held "that a notice to quit which is ineffective because it does not give the month-to-month tenant the requisite thirty days prior to the periodic rental date is nonetheless effective for the next ensuing rental date." *Id.* at 358, 630 P.2d at 757. Thus, once the March 29th letter was received by Hall on or about April 2, 1984, it became effective for the next sucessive rental period. Therefore, at least as of May 2, 1984 Hall had sufficient thirty days notice that he was to quit the premises. After May 2, 1984, Dickens had the right to possession. However, since the instant action was commenced prior to Dickens having a right to possession of the premises, we determine that Hall was wrongfully evicted from the premises because the court lacked jurisdiction to hear the complaint. He is entitled to damages for such wrongful eviction.

■ Further, as a month-to-month tenant, Hall had the power to assign a part of his interest in the premises to American, absent an agreement to the contrary. *See* Restatement (Second) of Property § 15.1 (1977); 49 Am.Jur.2d *Landlord and Tenant* § 398 (1970). However, American could acquire no greater rights than Hall had to transfer. *See* Restatement (Second) of Property § 15.1 Comment k (1977); 49 Am.Jur.2d *Landlord and Tenant* § 397 (1970). In the instant case Hall attempted to transfer a greater interest than he actually had. As a month-to-month tenant Hall could only transfer all or a part of his interest in each successive month. Here, Hall attempted to transfer the premises to American for a term of thirty-one months. Such an attempt was ineffective. American had no better right to possession of the

---

**1.** The court in *Kerr-McGee* was referring to NMSA 1953, Section 22–8–1 and NMSA 1953, Section 22–8–7, which are identical to our present NMSA 1978, Section 42–4–1 and NMSA 1978, Section 42–4–7.

property than did Hall, and neither Hall nor American had the right to possession after May 2, 1984. The district court is therefore reversed on this issue and the case remanded for a determination of damages suffered by Hall and American.

## II. First amended complaint in intervention.

■ On appeal, American argues that it was denied due process of law in that it was ejected from the premises prior to the court hearing its first amended complaint in intervention which alleged a violation of the New Mexico anti-trust laws. We disagree.

NMSA 1978, Civ.P. Rule 13(i) (Repl. Pamp.1980) states:

If the court orders separate trial as provided in Rule 42(b), judgment on a counterclaim or crossclaim may be rendered in accordance with the terms of Rule 54(b), when the court has jurisdiction so to do, even if the claims of the opposing party have been dismissed or otherwise disposed of.

We note that although the district court lacked jurisdiction to hear Dickens' ejectment action, it did have jurisdiction over American's first amended complaint in intervention. *See Sangre de Cristo Development Corp., Inc. v. City of Santa Fe*, 84 N.M. 343, 503 P.2d 323 (1972), *cert. denied*, 411 U.S. 938, 93 S.Ct. 1900, 36 L.Ed.2d 400 (1973). Under NMSA 1978, Civ.P. Rule 42(b) (Repl.Pamp.1980) the district court may, in the interest of convenience and expediency:

[O]rder a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues * *.

NMSA 1978, Civ.P. Rule 54(b)(1) (Repl. Pamp.1980) states in pertinent part that:

[W]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, the court may enter a final judgment as to one or more but fewer

than all of the claims *only upon an express determination that there is no just reason for delay.* (Emphasis added).

The judgment entered in the instant case reads in pertinent part:

IT IS FURTHER ORDERED that this Court reserves the jurisdiction to determine the damage claims of the Plaintiffs and the First Amended Complaint in Intervention, this Judgment being final as to the issue of the right of possession only, and it is expressly determined that this Judgment shall be entered and *there is no just reason for delay.* (Emphasis added).

Thus, under the above-quoted rules, the district court had discretion to order a separate hearing on American's amended complaint in intervention. American was not denied due process. The district court is affirmed on this issue.

We therefore determine that the district court judgment is affirmed in part and reversed in part. The case is remanded for a determination of what damages, if any, were incurred by Hall and American as a result of the wrongful eviction action being filed.

IT IS SO ORDERED.

SOSA, Senior J., and FEDERICI, J., concur.