The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: <u>March 10, 2022</u>

**No. A-1-CA-38525**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellant,

v.

**FELICIA A. GARCIA, FELICIA GARCIA,
a/k/a FELICIA ANN GARCIA,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Van Snow, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellee

## OPINION

**MEDINA, Judge.**

{1}     The State appeals the district court's order granting Defendant's motion, filed before trial, pursuant to Rule 5-601(B) NMRA (1999) (amended as Rule 5-601(C) NMRA), and *State v. Foulenfont*, 1995-NMCA-028, 119 N.M. 788, 895 P.2d 1329, to dismiss one count of possession of a controlled substance (methamphetamine), contrary to NMSA 1978, Section 30-31-23(E) (2011, amended 2021).[1] The State argues that the district court erred in dismissing the charge because the district court (1) incorrectly determined that Section 30-31-23 does not define a unit of prosecution, and (2) erred in determining there was insufficient indicia of distinctness between the two acts because the State had yet to present evidence at trial. We reverse.

## BACKGROUND

{2}     Defendant stipulated to the following facts set forth in the criminal complaint for purposes of her motion to dismiss. Defendant was a passenger in a vehicle that was the subject of a traffic stop. While speaking to the driver of the vehicle, the officer noticed Defendant was not wearing her seatbelt. Upon request, Defendant

---

[1] Because Defendant was charged under the 2011 version of the statute, references in this opinion to Section 30-31-23 refer to the 2011 version unless stated otherwise. *See State v. Lucero*, 2007-NMSC-041, ¶ 14, 142 N.M. 102, 163 P.3d 489 ("We have held that the law, at the time of the commission of the offense, is controlling." (internal quotation marks and citation omitted)).

provided the officer with her name and other identifying information. A subsequent records check revealed an outstanding warrant for Defendant's arrest. During a search incident to arrest, the officer found a clear bag containing a substance that tested positive for heroin in Defendant's purse. Shortly thereafter, during an inventory search of the vehicle, a bag containing a substance that tested positive for methamphetamine and a clear glass pipe were found in the outer pocket of the center console near the driver's seat.

{3}     Defendant admitted that both bags belonged to her. Relevant to this appeal, an indictment charged Defendant with two counts of possession of a controlled substance, contrary to Section 30-31-23, the first count for possession of heroin and the second for possession of methamphetamine. Prior to trial, Defendant filed a motion to dismiss the second count. In support of her motion to dismiss, Defendant argued that that statute does not allow multiple charges for one act of possession of controlled substances and there was insufficient evidence to show two distinct acts of possession. After hearing argument by the parties, the district court dismissed the second count of possession of a controlled substance. The district court found, in part, (1) "Section 30-31-23 does not define the unit of prosecution"; (2) Defendant's acts of possession were not sufficiently distinct to support two charges; (3) the rule of lenity applies; and (4) Defendant could only be charged with one count of

2

possession of a controlled substance. Pursuant to NMSA 1978, Section 39-3-3(B)(1) (1972), the State appealed.

**DISCUSSION**

{4}     The State argues that the district court erred in dismissing the second count of possession of a controlled substance because Section 30-31-23 defines the unit of prosecution as each controlled substance a defendant possesses. Defendant contends that the language of the statute is "insurmountably ambiguous," and therefore the rule of lenity should apply to our analysis.

{5}     "The Fifth Amendment of the United States Constitution, made applicable to the states by the Fourteenth Amendment Due Process Clause, and Article II, Section 15 of the New Mexico Constitution each protect defendants against multiple punishments for the same offense." *State v. Alvarez-Lopez*, 2004-NMSC-030, ¶ 38, 136 N.M. 309, 98 P.3d 699 (citation omitted). When a defendant faces multiple punishments under the same statute, we apply a "unit of prosecution" analysis to determine "whether the Legislature intended punishment for the entire course of conduct or for each discrete act." *State v. Benally*, 2021-NMSC-027, ¶ 10, 493 P.3d 366 (alteration, internal quotation marks, and citation omitted); *see also State v. Ramirez*, 2018-NMSC-003, ¶ 46, 409 P.3d 902 (clarifying that "the unit of prosecution defines how many offenses the defendant has committed" (emphasis, internal quotation marks, and citation omitted)). To determine Legislative intent with

3

respect to the unit of prosecution for a particular criminal offense, appellate courts apply a two-step test. *Ramirez*, 2018-NMSC-003, ¶ 47. First, we "analyze the statute to determine whether the Legislature has defined the unit of prosecution and, if the statute spells out the unit of prosecution, then the court follows that language and the inquiry is complete." *Benally*, 2021-NMSC-027, ¶ 13 (internal quotation marks and citation omitted). The interpretation of a statute is a question of law that we review de novo. *Id.* ¶ 11.

{6}     "To discern the Legislature's intent, we begin our analysis with the plain language [of the statute]." *Id.* ¶ 25. Section 30-31-23(A) provides in relevant part that "[i]t is unlawful for a person intentionally to possess a controlled substance." The Legislature defined a "controlled substance" as "a drug or substance listed in Schedules I through V of the Controlled Substances Act." NMSA 1978, § 30-31-2(E) (2017, amended 2021). Both Section 30-31-23(A) and Section 30-31-2(E) reference controlled substances in the singular. We find the Legislature's reference to controlled substance in the singular significant because "legislative reference to an item in the singular suggests that each instance of that item is a separate unit of prosecution." *Ramirez*, 2018-NMSC-003, ¶ 52 (internal question marks and citation omitted). Grammatically, a statute containing a singular direct object that is the recipient of the action in the statute supports the conclusion that the Legislature intended the unit of prosecution to be each individual object. *Compare id.* ¶¶ 52-53,

4

*with State v. Olsson*, 2014-NMSC-012, ¶ 21, 324 P.3d 1230 ("[T]he use of the word 'any' in the statute only compounds the ambiguity."), *and State v. DeGraff*, 2006-NMSC-011, ¶ 33, 139 N.M. 211, 131 P.3d 61 ("[W]e are not persuaded that the statute's use of the word 'any' shows the Legislature's intent to permit only a single conviction for all tampering with a single crime scene."). Therefore, we conclude that the plain language of Section 30-31-23(A) defines the unit of prosecution for a person in simultaneous possession of each distinct controlled substance. Consequently, our inquiry is complete and we do not proceed to the second step of the analysis. *See Benally*, 2021-NMSC-027, ¶ 13. Based on the foregoing, we hold that if the State can prove a defendant simultaneously possessed distinct controlled substances, a defendant can be charged and convicted for each distinct controlled substance in his or her possession in violation of Section 30-31-23(A).

{7}     Our interpretation of Section 30-31-23(A) here is supported by our Supreme Court's interpretation of similar language in other statutes involving controlled substances. *See, e.g.*, *State v. Smith*, 1980-NMSC-059, ¶ 11, 94 N.M. 379, 610 P.2d 1208 (holding that the merger of four counts of trafficking with intent to distribute was in error because the defendant was trafficking four distinct drugs); *see also State v. Quick*, 2009-NMSC-015, ¶¶ 21-22, 146 N.M. 80, 206 P.3d 985 (vacating the conviction of simple possession because the defendant could not be convicted of

5

simple possession and possession with intent to distribute for only possessing one drug).

{8} To the extent that Defendant argues the language of the statute is ambiguous and therefore policy concerns should instead guide our analysis in determining the unit of prosecution, we disagree. Defendant concedes that Section 30-31-23 refers to an item in the singular and, as stated above, the unit of prosecution for Section 30-31-23 is each distinct controlled substance. "[I]f the statute spells out the unit of prosecution, then the court follows that language and the inquiry is complete." *Benally*, 2021-NMSC-027, ¶ 13 (internal quotation marks and citation omitted). Therefore, we do not engage in an analysis of policy concerns that could guide the Legislature in creating the Controlled Substances Act. *See id.* ¶¶ 25-35 (analyzing legislative history and possible legislative purpose of the statute after analyzing the language of the statute and determining it was ambiguous on its face).

{9} Finally, to the extent Defendant contends reliance on the singular noun in Section 30-31-23, to discern the unit of prosecution in that statute runs contrary to the Uniform Statute and Rule Construction Act (USRCA), NMSA 1978, § 12-2A-5(A) (1997), which states that "[u]se of the singular number includes the plural, and use of the plural number includes the singular," we disagree. The USRCA only applies to statutes enacted on or after the effective date, or adopted after its own adoption. NMSA 1978, § 12-2A-1(B) (1997). The Controlled Substances Act was

adopted in 1972. *See* 1972 N.M. Laws, ch. 84, § 1. The USRCA was adopted in 1997. *See* 1997 N.M. Laws, ch. 173, § 1. Therefore, it does not apply to our analysis here.

{10}   In this case Defendant was charged with possession of heroin, a Schedule I controlled substance under NMSA 1978, Section 30-31-6(B)(10) (2017, amended 2021), and methamphetamine, a Schedule II controlled substance under NMSA 1978, Section 30-31-7(A)(3)(c) (2007, amended 2021). Defendant's separate charges for the simultaneous possession of two distinct controlled substances did not violate Defendant's double jeopardy rights, and therefore, the district court erred in dismissing Defendant's second count of possession of controlled substance charge. Because we hold the district court erred in finding that Section 30-31-23 defines a unit of prosecution, we need not address the State's additional argument.

**CONCLUSION**

{11}   We reverse the district court's order dismissing one count of the indictment and remand for further proceedings consistent with this opinion.

{12}   **IT IS SO ORDERED.**

_____
**JACQUELINE R. MEDINA, Judge**


**WE CONCUR:**

7

_____
**SHAMMARA H. HENDERSON, Judge**


_____
**GERALD E. BACA, Judge**