The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: October 31, 2022

**No. A-1-CA-39142**

**GEORGE CHENG,**

Plaintiff-Appellee,

v.

**BRIAN RABEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Manuel I. Arrieta, District Judge**

George Cheng
Las Cruces, NM

Pro Se Appellee

New Mexico Legal Aid, Inc.
Thomas Prettyman
Albuquerque, NM

for Appellant

# OPINION

**MEDINA, Judge.**

{1}     Following a de novo appeal from magistrate court, the district court affirmed a judgment issued against Brian Rabey (Tenant), finding that Tenant had entered a written lease agreement with George Cheng (Landlord) and breached that agreement by failing to pay rent in August 2018. The district court also denied Tenant's counterclaims for abatement and equitable relief. On appeal, Tenant argues that Landlord's petition for restitution should have been dismissed for lack of jurisdiction because Landlord did not allow Tenant the three days to cure his nonpayment of rent as required by the Uniform Owner-Resident Relations Act (UORRA), NMSA 1978, §§ 47-8-1 to -52 (1975, as amended through 2007). Tenant's argument relies on the assumption that the Uniform Statute and Rule Construction Act (USRCA), NMSA 1978, §§ 12-2A-1 to -20 (1997), applies to the interpretation of the UORRA. The district court found that Tenant abandoned this argument, but Tenant argues that subject matter jurisdiction is not waivable and that Tenant raised the issue throughout the proceedings below. In the alternative, Tenant argues that Landlord's petition for restitution should have been dismissed because it did not state the proper amount due to cure nonpayment of rent. Tenant also argues that the district court erred in not awarding him his withheld water payments or abatement for repairs not made. We hold that the district court erred in finding Tenant waived his jurisdictional argument and that Landlord's petition should have been dismissed as untimely filed.

Therefore, we reverse on that issue. As such, we do not reach whether Landlord's petition stated the proper amount due. We otherwise affirm the judgment of the district court.

**BACKGROUND**

{2}     Tenant and Landlord entered into a lease in October 2017. The lease specified that rent was $450 and was due the first day of each month, stated that Landlord would assess a $50 fee to rent paid more than three days late, and required Tenant to pay a $400 security deposit. The lease stated that Landlord would make all necessary repairs to the common areas of the building, required the parties to provide notice to each other in writing, and stated that the lease could only be modified in writing and with the signatures of all parties. The lease was silent as to who was to pay for utilities. In February 2018, Landlord asked Tenant to begin paying $10 a month for water, and Tenant agreed. Tenant asserts that the property needed several repairs and that he orally informed Landlord of the need for repairs, which Landlord disputes.

{3}     Tenant later reviewed his lease and found there was no written obligation for him to pay for water. Thus, when Tenant paid his August rent, he provided Landlord with a $410 money order, withholding $40 for his water payments from February, March, April, and May. Tenant delivered the payment to Landlord on August 3, 2018, at which time he also gave Landlord written notice of several needed repairs.

2

The next day, Saturday, August 4, 2018, Landlord delivered a notice of nonpayment requiring Tenant to pay $450[1] in rent, plus a late fee of $50 for a total of $500.

{4}     Tenant did not pay the amount requested, and Landlord subsequently filed a petition for restitution in magistrate court on August 7, 2018. In his answer to Landlord's petition, Tenant argued that Landlord filed his petition for restitution prematurely because the three-day notice period had not elapsed at the time of filing. Tenant further argued that the $500 demand in the notice was improper because Tenant only underpaid by $40. Tenant also counterclaimed for abatement of rent due to repairs not made and for recovery of his withheld water payments.

{5}     The magistrate court entered a judgment in Landlord's favor, ordering Tenant to pay $473 plus 8.75 percent interest per year until the judgment was paid. The magistrate court also ordered a writ of restitution to be issued on August 24, 2018. Tenant vacated the property on August 23, 2018.

{6}     Tenant appealed the magistrate court judgment to the district court. At the hearing on the appeal, Tenant maintained his argument that Landlord's petition was untimely filed. The district court affirmed the magistrate court's judgment, finding that Landlord was entitled to damages of $473 and allowing Landlord to retain Tenant's security deposit. The district court also found that Tenant waived his

---

[1] Tenant testified that he cancelled the money order after receipt of nonpayment of rent on his door.

jurisdictional argument by arguing the merits of the case and that the three-day period in Section 47-8-33 should be calendar days. The district court denied Tenant's claims for abatement and other equitable relief.

{7}     Tenant then filed a motion to reconsider, arguing that he did not waive his jurisdictional argument and that Landlord had forfeited his right to retain Tenant's security deposit by not providing Tenant with a written statement of deductions as required by UORRA. The district court granted Tenant's motion to reconsider in part, allowing Landlord to retain the damage deposit and reducing Tenant's total damages to $73, but did not otherwise modify its judgment. This appeal followed.

**DISCUSSION**

**I.     Timeliness of Petition for Restitution**

{8}     We must first determine whether Tenant waived his jurisdictional argument. If Tenant did not waive his argument, we then determine whether the magistrate court lacked jurisdiction over Landlord's petition for restitution. "Jurisdictional questions are questions of law which [we] review[] de novo." *El Castillo Ret. Residences v. Martinez*, 2017-NMSC-026, ¶ 20, 401 P.3d 751.

**A.     Tenant Did Not Waive His Jurisdictional Argument**

{9}     We first address whether the district court erred by finding that Tenant waived his jurisdictional argument by arguing the merits of the case. "It is well settled that subject matter jurisdiction cannot be waived" and may be raised for the first time on

4

appeal. *Gonzales v. Surgidev Corp.*, 1995-NMSC-036, ¶ 11, 120 N.M. 133, 899 P.2d 576. The record reflects that Tenant actively pursued his jurisdictional argument at the magistrate court and at the district court. Tenant therefore did not waive his jurisdictional argument, and the district court erred in holding otherwise. We now reach the merits of Tenant's jurisdictional argument.

**B.      Landlord Filed His Petition for Restitution Prematurely**

{10}      Tenant argues that when counting days, Section 12-2A-7(A) of the USRCA states that "if the period is expressed in days, the first day of the period is excluded and the last day is included." Therefore, under USRCA, Section 47-8-33(D) can only be interpreted to mean that the landlord may not file a petition for restitution until the full three days have passed. Tenant further asserts that allowing a landlord to file a petition for restitution before three days have passed would render the notice period meaningless.

{11}      The district court concluded that USRCA did not apply to UORRA and that Landlord complied with the three-day notice requirement of Section 47-8-33(D). We agree that USRCA does not apply to the UORRA. "USRCA only applies to statutes enacted on or after the effective date, or adopted after its own adoption." *State v. Garcia*, 2022-NMCA-051, ¶ 9, 517 P.3d 281, *cert. denied* (S-1-SC-39306); *see* § 12-2A-1(B). USRCA was enacted in 1997, and UORRA was enacted in 1975. *Compare* § 12-2A-1, *with* § 47-8-1. We therefore cannot apply USRCA to determine

5

what constitutes three-day notice under UORRA. But regardless, we hold that Landlord's petition was untimely filed and explain.

{12}     "When construing statutes, our guiding principle is to determine and give effect to legislative intent," and "[w]e use the plain language of statutes as the primary indicator of legislative intent." *Baker v. Hedstrom*, 2013-NMSC-043, ¶ 11, 309 P.3d 1047 (alterations, internal quotation marks, and citations omitted). "When a term is not defined in a statute, we must construe it, giving those words their ordinary meaning absent clear and express legislative intention to the contrary." *State v. Johnson*, 2009-NMSC-049, ¶ 10, 147 N.M. 177, 218 P.3d 863 (internal quotation marks and citation omitted). "If the plain meaning of the statute is doubtful, ambiguous, or if an adherence to the literal use of the words would lead to injustice, absurdity, or contradiction, we will construe the statute according to its obvious spirit or reason." *Baker*, 2013-NMSC-043, ¶ 11 (alterations, internal quotation marks, and citation omitted).

{13}     Section 47-8-33(D) states,

> If rent is unpaid when due and the resident fails to pay rent within three days after written notice from the owner of nonpayment and his intention to terminate the rental agreement, the owner may terminate the rental agreement and the resident shall immediately deliver possession of the dwelling unit; provided that tender of the full amount due, in the manner stated in the notice, prior to the expiration of the three-day notice shall bar any action for nonpayment of rent.

{14} Section 47-8-33(D) does not specify whether "day" means a business day or calendar day, and only specifies that if the final day for remedying any breach pursuant to written notice falls on a weekend or federal holiday, the period to remedy shall be extended until the next day that is not a weekend or federal holiday. Section 47-8-33(H). Because the word "day" can be construed in various ways, we construe its use in Section 47-8-33(D) according to its obvious spirit or reason. "In ascertaining a statute's spirit or reason, we consider its history and background, and we read the provisions at issue in the context of the statue as a whole, including its purpose and its consequences." *State v. Wilson*, 2021-NMSC-022, ¶ 16, 489 P.3d 925 (alteration, internal quotation marks, and citation omitted).

{15} The purpose of UORRA as a whole is "to simplify, clarify, modernize and revise the law governing the rental of dwelling units and the rights and obligations of owner and resident, and to encourage the owners and the residents to maintain and improve the quality of housing in New Mexico." Section 47-8-2. Our Supreme Court has previously held that UORRA is remedial in nature, and that "[i]ts application must therefore be liberally construed." *Garcia v. Thong*, 1995-NMSC-030, ¶ 5, 119 N.M. 704, 895 P.2d 226; *see T.W.I.W., Inc. v. Rhudy*, 1981-NMSC-062, ¶ 12, 96 N.M. 354, 630 P.2d 753. "Liberal construction is necessary to effect [a] statute's remedial purpose." *Michaels v. Anglo Am. Auto Auctions, Inc.*, 1994-NMSC-015, ¶ 13, 117 N.M. 91, 869 P.2d 279.

7

{16}     The purpose of the three-day notice is to provide a tenant with the opportunity to pay rent and retain possession of the dwelling unit. Therefore, to effectuate this remedial purpose, "within three days" must be liberally construed to mean three full days beginning on the day after the notice is served. If the third day falls on "a weekend or federal holiday, the period to remedy shall be extended until the next day that is not a weekend or federal holiday." Section 47-8-33(H). Therefore, the owner cannot file a petition for restitution or otherwise terminate the rental agreement and seek possession of the premises until the day following the third day. Allowing an owner to file before the third day has elapsed would defeat the purpose of Section 47-8-33(D). This interpretation is also consistent with our Rules of Civil Procedure: when computing time periods, the day on which the triggering event occurs is generally excluded. *See, e.g.*, Rule 1-006(A)(1)(a), (2)(a)(i) NMRA (setting forth the rules of civil procedure for the district courts, excluding the day of the triggering event); Rule 2-104(A)(1)(a), (2)(a)(i) NMRA (setting forth the rules of civil procedure for the magistrate courts, same).

{17}     Here, because Landlord gave Tenant notice of nonpayment of rent on August 4, the three-day period encompassed August 5-7. Thus, Tenant had until August 8 to cure his nonpayment of rent. Thus, Landlord's filing of his petition for restitution and possession of the premises on August 7 was premature. It is long-settled that "a plaintiff in ejectment must have a legal right to possession before he can commence

8

his ejectment action." *Dickens v. Hall*, 1986-NMSC-029, ¶ 9, 104 N.M. 173, 718 P.2d 683. Because Landlord's petition was prematurely filed, he did not have a legal right to possession, meaning the magistrate court lacked jurisdiction over Landlord's petition. *See id.* ¶ 10.

{18} We therefore reverse the district court's judgment and dismiss Landlord's petition for restitution for lack of jurisdiction. We now address Tenant's counterclaims. *See Sangre de Cristo Dev. Corp. v. City of Santa Fe*, 1972-NMSC-076, ¶ 12, 84 N.M. 343, 503 P.2d 323 (stating that a counterclaim may survive the failure of a complaint if there is jurisdiction to hear the counterclaim, the counterclaim is independent of the main case, and affirmative relief is sought).

**II.     Tenant's Counterclaims**

**A.     Landlord and Tenant Orally Modified the Lease to Include Water Payments**

{19} Tenant argues that, because the lease is silent as to who pays for water, Landlord retained the obligation to pay for water. Though Landlord testified that there was an oral agreement to pay for water, Tenant argues that this oral agreement was ineffective because the parties did not put this agreement in writing, the lease contains a merger clause, and the lease and UORRA require this modification to be in writing. To determine whether Tenant was entitled to his withheld water payments, we must interpret the parties' lease. Interpretation of a contract is a matter of law that we review de novo. *City of Albuquerque v. BPLW Architects & Eng'rs,*

*Inc.*, 2009-NMCA-081, ¶ 13, 146 N.M. 717, 213 P.3d 1146. "[W]e view the contract as a harmonious whole, give meaning to every provision, and accord each part of the contract its significance in light of other provisions." *Pub. Serv. Co. of N.M. v. Diamond D Constr. Co.*, 2001-NMCA-082, ¶ 19, 131 N.M. 100, 33 P.3d 651.

{20}    We agree that the lease is silent as to who pays for water. The lease contains an "entire agreement" clause, which states that the lease "replaces and supersedes any and all oral agreements between the parties, as well as any prior writings" and a "modification" clause, which states that the lease may only be modified in writing that is signed by all parties. Therefore, any oral modification regarding utilities is invalid per the plain language of the lease.

{21}    However, in the absence of a prohibiting statute, a written agreement which specifies it may only be amended in writing may nevertheless be changed by the parties' words or conduct that signify an intention to change the prior agreement. *See Medina v. Sunstate Realty, Inc.*, 1995-NMSC-002, ¶ 13, 119 N.M. 136, 889 P.2d 171. Oral modifications of written contracts that specify they must be modified in writing must be proven by clear and convincing evidence. *Powers v. Miller*, 1999-NMCA-080, ¶ 11, 127 N.M. 496, 984 P.2d 177. Such clear and convincing evidence is demonstrated here where Tenant testified that Landlord told Tenant he needed to pay an additional $10 per month for water and Tenant agreed and paid the additional amount each month for a period of months. While Tenant contends that UORRA

10

requires such a modification be in writing, UORRA does not specify that an agreement between an owner and a resident requiring the resident pay for utilities be in writing. Rather, UORRA requires that an owner supply a resident with heating and plumbing and states that a resident may take on this requirement if the transaction is in writing. Section 47-8-20(A)(6), (C); *see also T.W.I.W., Inc.*, 1981-NMSC-062, ¶¶ 2, 15 (holding that Section 47-8-20 required the landlord to install a heater in the tenant's unit). Tenant's contention is not that Landlord failed to supply him with plumbing, but rather that he should not have had to pay for water because that obligation was not contained in the written agreement. Because the parties' conduct clearly demonstrates an oral modification requiring Tenant to pay for water, we affirm the district court's judgment denying Tenant's requested offset for water.

**B.      Tenant Is Not Entitled to Abatement for Repairs**

{22}      Tenant next argues that the district court erred by denying his requests for abatement because he served Landlord with several written requests for repairs for defective conditions. In addressing this argument, we review the district court's final judgment and apply a substantial evidence standard to its findings of fact and a de novo standard to its conclusions of law. *See Jacob v. Spurlin*, 1999-NMCA-049, ¶ 7, 127 N.M. 127, 978 P.2d 334. "Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *State ex rel. King v.*

11

*B & B Inv. Grp.*, 2014-NMSC-024, ¶ 12, 329 P.3d 658 (internal quotation marks and citation omitted).

**{23}** We first observe that Tenant did not actually abate any rent for repairs. Regardless, Tenant is not entitled to abatement under UORRA. Tenant did not give Landlord any written notice of the needed repairs until August 3 and did not ask for any abatement or reimbursement in writing. Regardless of whether Tenant gave Landlord oral notice, UORRA requires written notice of conditions needing repair and the passage of seven days before a resident can withhold rent. Section 47-8-27.2(A). While Tenant could have abated his rent for the following month, because Tenant moved out on August 23, Tenant did not abate any of his rent or exercise any other remedies available to him under UORRA. *See* § 47-8-27.1(A) (specifying remedies for breach of agreement by landlord). Additionally, Landlord and Tenant dispute the condition of the property, and the record below does not demonstrate substantial evidence of a need for repairs. We therefore decline to award Tenant abatement and affirm the judgment of the district court.

## III.   Landlord's Brief

**{24}** Finally, we address the answer brief of Landlord, who appears pro se. "Although pro se pleadings are viewed with tolerance, a pro se litigant is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Camino Real Env't Ctr., Inc. v. N.M. Dep't of Env't*,

12

2010-NMCA-057, ¶ 21, 148 N.M. 776, 242 P.3d 343 (omission, internal quotation marks, and citation omitted). Landlord's answer brief includes no citations to case law or the record proper and raises new issues of fact that were not brought up below. Where a party fails to cite any portion of the record to support its factual allegations, we need not consider its argument on appeal. *See Santa Fe Expl. Co. v. Oil Conservation Comm'n*, 1992-NMSC-044, ¶ 11, 114 N.M. 103, 835 P.2d 819; *see also* Rule 12-318(A)(3) NMRA (requiring briefs in chief to contain "a summary of proceedings, briefly describing the nature of the case, the course of proceedings, and the disposition in the court below, and including a summary of the facts relevant to the issues presented for review[, which] summary *shall contain citations to the record proper, transcript of proceedings, or exhibits supporting each factual representation*" (emphasis added)). We caution Landlord regarding this violation of our appellate rules and remind him "to read and follow the appellate rules to avoid future violations." *See Santa Fe Expl. Co.*, 1992-NMSC-044, ¶ 11 (internal quotation marks and citation omitted).

**CONCLUSION**

{25}     For the foregoing reasons, we reverse in part and affirm in part.

{26}     **IT IS SO ORDERED.**

_____
**JACQUELINE R. MEDINA, Judge**

13

**WE CONCUR:**

_____
**KRISTINA BOGARDUS, Judge**

_____
**SHAMMARA H. HENDERSON, Judge**