This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39782

**BLOCHHOUSE, LLC,**

      Plaintiff/Counterdefendant-Appellee,

v.

**FRANCINE M. TRUJILLO and ALL
OTHER UNKNOWN OCCUPANTS,**

      Defendants/Counterclaimants-Appellants,

and

**FRANCINE M. TRUJILLO,**

      Third-Party Plaintiff,

v.

**ESTANCIA BLUEWATER, LLC;
DEVELOPING OPPORTUNITIES, LLC;
and STEPHEN PALEVICH,**

      Third-Party Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Benjamin Chavez, District Court Judge**

Vance, Chavez & Associates, LLC
James A. Chavez
Albuquerque, NM

for Appellee

New Mexico Legal Aid
Corinna Laszlo-Henry

Las Vegas, NM

for Appellant

**MEMORANDUM OPINION**

**WRAY, Judge.**

**{1}**    Having granted the motion for rehearing filed by Defendant Francine Trujillo (Tenant) and considered the response of Plaintiff Blochhouse LLC (Landlord), we withdraw the opinion filed June 28, 2023, and substitute the following opinion in its place. Tenant appeals the district court's grant of a writ of possession in favor of Landlord. Tenant argues that the district court erroneously granted Landlord possession of the property under the Uniform Owner-Resident Relations Act (UORRA), NMSA 1978, §§ 47-8-1 to -52 (1975, as amended through 2007). We affirm.

**{2}**    Because this is a memorandum opinion and the parties are familiar with the background of this case, we discuss pertinent facts and procedural history as needed within our analysis.

**DISCUSSION**

**{3}**    Tenant challenges the district court's (1) construction of the lease and related option agreements; (2) procedural handling of the case, including the bifurcation of the UORRA claims from Tenant's counterclaims; and (3) refusal to apply equitable estoppel. Tenant, as the appellant, bears the burden to demonstrate error by the district court. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063. We review contracts and statutory language de novo and the findings of the district court for substantial evidence. *Cheng v. Rabey*, 2023-NMCA-013, ¶¶ 19, 22-23, 525 P.3d 405. We review the district court's decision to bifurcate for an abuse of discretion. *Sandoval v. Gurley Properties Ltd.*, 2022-NMCA-004, ¶ 5, 503 P.3d 410. We begin with the district court's basis for granting the writ of possession.

**I.    Tenant Does Not Demonstrate Error by the District Court**

**{4}**    Tenant argues that Landlord sought eviction for "no cause" but that the lease agreement and the related option agreements did not permit termination of the tenancy without cause. Landlord responds that it proved Tenant did not pay rent, thereby establishing cause. In reply, Tenant maintains that even if Landlord proved nonpayment, the petition for writ of possession did not plead that Landlord provided the notice required under UORRA to terminate for nonpayment, and the district court, therefore, did not have jurisdiction to enter the writ for nonpayment. We conclude that the district court had jurisdiction to enter the writ of possession in these proceedings and that Tenant has not met the burden to demonstrate error on appeal on any other ground.

**{5}**     The lease states that the term is two years, after which Tenant may remain on the property month-to-month "so long as they are in good standing with all the terms and conditions of" the lease. On October 23, 2020, Landlord issued a written thirty-day notice of termination of the lease and listed no cause for the termination. Landlord filed the petition for writ of restitution January 13, 2021, well after the thirty-day notice period expired. Landlord's notice and petition conformed to UORRA's single requirement for terminating a month-to-month lease—thirty days' written notice, *see* § 47-8-37(B), and as a result, the district court had jurisdiction over Landlord's petition. *See Cheng*, 2023-NMCA-013, ¶ 17 (explaining that the district court's jurisdiction depends on the petitioner's right to possession at the time the petition is filed, which in turn depends on compliance with UORRA).

**{6}**     As we have noted, the lease had an additional term that permitted Tenant to continue to reside on the property provided that Tenant was in good standing with the lease. *See* § 47-8-14 (permitting parties to a lease to add terms and conditions to an agreement that are not prohibited by UORRA). Thus, for Landlord to establish the right to terminate the lease, it was necessary to prove some breach of the lease agreement. In the petition for writ of restitution, Landlord elected to plead nonpayment of rent in order to establish the breach.[1] At the hearing on the writ of possession, the district court clearly found that Tenant was chronically behind in paying the rent. Tenant acknowledges that both the lease and the option agreements permit termination for nonpayment and does not dispute that the evidence supported a finding that she did not pay the total amount owed (although Tenant did dispute the amount owed). *See Cheng*, 2023-NMCA-013, ¶ 22 (reviewing the district court's findings of fact for substantial evidence). Nor does Tenant specifically challenge on appeal the district court's finding of nonpayment. *See Seipert v. Johnson*, 2003-NMCA-119, ¶ 26, 134 N.M. 394, 77 P.3d 298 ("An unchallenged finding of the trial court is binding on appeal."). Although Tenant claims that the district court should have considered extrinsic evidence to resolve ambiguities in the agreements, Tenant does not point to an ambiguity in the relevant portions of the agreements or explain what extrinsic evidence would have refuted a finding of nonpayment. As a result, we conclude that Landlord established a right to terminate the lease, and that Tenant has failed to persuade us that the district court improperly granted the writ of possession.

**{7}**     In the brief in chief on appeal, Tenant argues that rather than being a month-to-month lease, the lease and related option agreements combined to create a life estate that could not be terminated without cause and that no-cause termination was contrary to the parties' intent. Tenant observes that the opportunity to cure differentiates the termination of a month-to-month lease from other termination methods, that the district

---

[1]Tenant argued in the district court that if the eviction was for nonpayment, our Supreme Court's COVID-19 pandemic moratorium on evictions would stay any writ of possession. The district court rejected this argument based on its construction of the moratorium. Because the moratorium has since been lifted, *see* Order, *In the Matter of Lifting the Stay of Writs of Restitution Issued Under the Uniform Owner-Resident Relations Act and the Mobile Home Park Act During the COVID-19 Public Health Emergency*, No. 22-8500-012, at 3-4 (N.M. March 16, 2022), https://supremecourt.nmcourts.gov/wp-content/uploads/sites/3/2022/04/Order-No.-22-8500-012.pdf, mooting this issue, we do not address the district court's interpretation of the moratorium's application in this case.

court's procedures permitted an "end run" around the opportunity to cure, and that Landlord should have been estopped from establishing breach without providing an opportunity to cure. In response, Landlord argues that nonpayment was uncontested and established at trial. In reply, Tenant continues to argue that the lease could not be terminated without cause, referencing the opportunity to cure, and also argues for the first time in this Court that even if Landlord's allegations of nonpayment were true, "the complaint fail[ed] to plead a present right to possession because of [Landlord]'s failure to provide a [three]-day notice demanding past-due rent prior to termination and commencement of the action." We note that a lease may only be terminated for nonpayment under UORRA "[i]f rent is unpaid and the resident fails to pay rent within three days after written notice from the owner of nonpayment and [owner's] intention to terminate the rental agreement." Section 47-8-33(D). We do not, however, address arguments suggested for the first time in reply briefs. *Guest v. Berardinelli*, 2008-NMCA-144, ¶ 36, 145 N.M. 186, 195 P.3d 353.

**{8}** Tenant continues to focus on the district court's jurisdiction and does not argue on appeal that without establishing compliance with UORRA's three-day notice and opportunity to cure, the evidence did not support a finding that the lease was breached by nonpayment. Tenant does not cite Section 47-8-8, which directs that UORRA "applies to, regulates and determines rights, obligations and remedies under a rental agreement, wherever made, for a dwelling unit located within this state." Tenant does not develop any argument that Landlord must have pleaded or have complied with Section 47-8-33(D) in order rely on nonpayment to satisfy the contractual requirement to show breach before terminating the lease in this case. We therefore conclude that Tenant has not satisfied her burden on appeal to establish that the district court erred in granting the writ of restitution.

## II. Tenant Did Not Demonstrate That the Procedures Employed Were an Abuse of Discretion

**{9}** Tenant maintains that the district court improperly used a bifurcated and summary proceeding and refused to permit Tenant to offer evidence to support contract ambiguity asserted in a motion to dismiss. According to Tenant, "[t]he district court erred by determining that the Rules of Civil Procedure for the District Courts were required to yield to the expedited trial provisions" of UORRA because the present case involved "the existence of an option agreement, other complex contractual issues, and a 15-year history of instruments and orally-modified agreements." We discern no abuse of discretion. The bifurcated and expedited procedure is permitted by both UORRA and the rules. *See* § 47-8-42 (providing for bifurcated proceedings); § 47-8-43 (requiring expedited proceedings); Rule 1-001(A) NMRA (permitting application of statutory provisions that are contrary to rule provisions); Rule 1-042 NMRA (permitting bifurcation). This Court has further acknowledged the need to quickly evaluate possessory proceedings in part for the benefit of dispossessed tenants. *See White v. Farris*, 2021-NMCA-014, ¶ 24, 485 P.3d 791 ("recognizing an immediate right to appeal enables residents to avoid the drastic consequences of eviction until their appeal is heard"). The district court granted Tenant's initial request for more time and five months

after the petition was filed, heard Tenant's motion to dismiss and the writ of restitution back-to-back. Tenant remained in the home during this extended period. Tenant identifies no particular procedural rule that the district court sacrificed for the purposes of expediency.

**{10}** Tenant next contends that to establish contractual ambiguity and the parties' intent, the district court should have allowed the introduction of evidence and testimony on the motion to dismiss. A motion to dismiss, however, like the motion brought by Tenant under Rule 1-012(B) NMRA, does not allow the district court to consider "matters outside the pleadings." *See* Rule 1-012(C). And although the district court did not take evidence at the motion to dismiss hearing, Tenant points to no witness who was prevented from testifying at the trial on Landlord's writ of possession, which was held later that same day. Further, although Tenant suggests that discovery might have been helpful, she has identified no discovery sought during the five-month proceeding. Tenant has not met the "burden on appeal to demonstrate through discussion of facts, arguments, and rulings appearing in the record how the district court abused its discretion." *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104.

### III.    Tenant Did Not Preserve the Estoppel Argument

**{11}** Tenant argues on appeal that Landlord should have been estopped from pursuing the writ of possession because of Landlord's past acceptance of late payments and prior willingness to create a payment plan for Tenant. In the answer to the complaint, Tenant raised a similar affirmative defense but has not identified for this Court where in the record the argument made on appeal was offered at trial or when a ruling was invoked from the district court. We therefore conclude that this argument was unpreserved and decline to consider it further. *See McDonald v. Zimmer Inc.*, 2020-NMCA-020, ¶ 39, 461 P.3d 930 ("[A]n affirmative defense is not preserved for our review unless it is litigated before the district court and a ruling is invoked on the issue.").

### CONCLUSION

**{12}** For these reasons, we affirm the district court.

**{13}    IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JANE B. YOHALEM, Judge**